

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

April 22, 2010

Luis A. Gonzalez
26785-050
Low Security Correctional Institution – Allenwood
P.O. Box 1000
White Deer, Pennsylvania 17887

    (*Pro Se Petitioner*)

Joseph N. Minish
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102

    (*Attorney for Respondent*)

    **RE:** **Gonzalez v. United States**
           **Crim. No. 06-117 (WJM)**

Dear Counsel:

    This matter comes before the Court on *pro se* Petitioner Luis Gonzalez's motion for immediate deportation pursuant to 8 U.S.C. § 1231(a)(4)(B). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## I.   BACKGROUND

Gonzalez, a citizen of the Dominican Republic, pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 on February 14, 2006. This court then sentenced Gonzalez to a period of imprisonment of 87 months.

Last year, this Court denied Gonzalez's habeas corpus petition, brought pursuant to 28 U.S.C. § 2255. Gonzalez now brings the instant motion for early release and deportation under 8 U.S.C. § 1231(a)(4)(B).[1]

## II.   DISCUSSION

### A.   Section 1231(a)(4)(B) is Inapplicable

Gonzalez maintains that he is eligible for immediate deportation since he pled guilty before this Court to conspiracy to distribute heroin. While Gonzalez characterizes his violation of 21 U.S.C. § 846 as a "non-violent offense," rendering him eligible for deportation before the completion of his prison sentence, Section 1231(a)(4)(B) says otherwise. Drug trafficking offenses, such as Gonzalez's, are specifically carved out of the definition of "non-violent offense." According to the statute, to qualify for deportation, the offense committed must be one "other than an offense described in section 1101(a)(43)(B)." 8 U.S.C. § 1231(a)(4)(B). Section 1101(a)(43)(B) lists what are defined as "aggravated felonies."

As noted above, Gonzalez pled guilty to conspiracy to distribute heroin. Under Section 1101(a)(43)(B), "illicit drug trafficking in a controlled substance" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)" Conspiracy to distribute heroin is punishable under the Controlled Substances Act and is thus an "aggravated felony" under Section 1101(a)(43)(B). *See Hernandez v. Dep't Homeland Sec.*, Civil Action No. 05-5182, 2006 U.S. Dist. LEXIS 4719, at *4-5 (D.N.J. Feb. 3, 2006) ("[C]onviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, meets this definition of 'aggravated felony.'") Based on Gonzalez's conviction for conspiracy to distribute heroin, a controlled substance, Gonzalez is ineligible for immediate removal. Accordingly, Gonzalez's petition for deportation must be denied.

---

[1] Gonzalez mistakenly cites 8 U.S.C. § 1252(h)(2)(A) as the statutory provision providing for the pre-release deportation of non-violent alien offenders. This provision is currently codified at 8 U.S.C. § 1231(a)(4)(B).

### B. <u>Lack of Jurisdiction</u>

Further, even if Gonzalez were eligible for immediate removal under § 1231(a)(4)(B), it is well-established that the federal courts do not have jurisdiction to grant such an order; instead, the Attorney General is vested with the sole discretion and authority to make early removal decisions. *Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997). No private right of action exists that would permit Gonzalez to compel the Attorney General to deport him. 8 U.S.C. § 1231(a)(4)(D); *Lynch v. United States*, Crim. No. 07-829, 2009 U.S. Dist. LEXIS 57912 (E.D.N.Y. July 8, 2009) ("[I]t is well-settled that petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his sentence."); *Felix v. United States*, Civ. No. 05-3925, 2005 U.S. Dist. LEXIS 18556, at *3 (S.D.N.Y. Aug. 29, 2005) ("This exception is not subject to compulsion through a private cause of action, 8 U.S.C. § 1231(a)(4)(D), and the Court does not have jurisdiction to review the Attorney General's decision as to whether approval is appropriate in this instance. 8 U.S.C. § 1252(a)(2)(B)(ii).").

Like other circuits, the Third Circuit has embraced these basic principles. In *United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998), the court noted that "the statute [8 U.S.C. § 1231(a)(4)(B)] vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation." Citing *Thye*, the court also noted that the defendant did "not even have standing to enforce this statute." *Id.* Therefore, regardless of eligibility under the statute, the petition will be dismissed because the court lacks jurisdiction to make early removal decisions.

### III. CONCLUSION

For the foregoing reasons, Gonzalez's motion for immediate deportation pursuant to 8 U.S.C. § 1231(a)(4)(B) is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**. An appropriate Order accompanies this Letter Opinion.

    /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**